Dear Mr. Shaw:
You ask this office if Mr. Urson Bacle may legally serve as a member of the Board of Election Supervisors for Red River Parish while seeking the elective office of police juror for the Red River Parish Police Jury.
At the outset, please note that the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., is invoked by the holding of two or more positions of public office and/or employment, but is inapplicable to a discussion of a person's campaign activities. In other words, the dual officeholding provisions do not address the issue of whether Mr. Bacle may retain his position as a member of a parish board of election supervisors while he campaigns for the office of police juror. These provisions would only become relevant should Mr. Bacle be elected to the office of police juror.[1]
You have advised this office that Mr. Bacle is the chairman of the Red River Parish Republican Executive Committee, and that by law the incumbent of this position automatically holds a position on the Board of Election Supervisors for Red River Parish, in accord with the composition requirements of a parish board of election supervisors set forth in La.R.S. 18:423(C)(1).[2] Your inquiry to this *Page 2 
office suggests that a conflict is raised by Mr. Bacle campaigning for the office of police juror, because in his capacity as member of a parish board of election supervisors, Mr. Bacle will be required by La.R.S. 18:1313(A) to count the absentee and early voting ballots in the election to the office he seeks.[3]
This office has previously addressed this issue in La. Atty. Gen. Op. 91-285, and made the following determination:
 A member of the Parish Board of Election Supervisors has the responsibility of performing his/her job, whether or not he/she is a candidate in the election. Therefore, it is the opinion of this office that a member of the board, who is also a candidate, shall be responsible for performing his duties, which includes counting and tabulating absentee ballots.
Affirming here the conclusion drawn in Opinion 91-285, it is the opinion of this office that Mr. Bacle is not prohibited by the Louisiana Election Code from campaigning for the office of police juror while he serves as member of the Board of Election Supervisors for Red River Parish. Rather, Mr. Bacle is responsible for performing those duties statutorily assigned a member of a parish board of election supervisors, which include counting and tabulating absentee and early voting ballots in the election for the office of police juror, notwithstanding that Mr. Bacle will be a candidate in the election to that office.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] This office has on at least one occasion recognized that the dual officeholding provisions would not prohibit a member of a parish board of election supervisors from at the same time holding elective office as a member of a parish governing authority. See La. Atty. Gen. Op. 06-0195, in which this office determined that a member of the East Baton Rouge Parish Board of Election Supervisors could also hold the elective office of East Baton Rouge Parish Metro Council Member.
[2] 18:423(C)(1) provides the following composition of the board of election supervisors for each parish: C. (1) Composition.
In each parish, the board of election supervisors shall be composed of the registrar of voters, the clerk of court, the chairman of the parish executive committee of each recognized political party or his designee who shall be a member of the parish executive committee of the same recognized political party, and one member appointed by the governor.
[3] La.R.S. 18:1313(A) provides, in part:
A. The parish board of election supervisors shall be responsible for the counting and tabulation of all absentee by mail and early voting ballots in the parish.